## General Motors Acceptance Corporation
### v. Carpenter

*Roger M. Whiteman,* for plaintiff.

*Thomas J. Beagan, Jr.,* for defendant.

*Stanley R. Kotzen,* for additional defendant.

SAND, J., June 1, 1972.—Plaintiff, General Motors Acceptance Corporation (hereinafter "GMAC"), filed a complaint against defendant, Carpenter, alleging assignment to it of an installment purchase contract between an automobile dealer and Carpenter, default on the payments due, repossession of the automobile, sale of the automobile and loss of $1,246.98.

Carpenter filed a defendant's complaint against additional defendants, General Motors Corporation, Chevrolet Division (hereinafter "GM"), and Dick Barone Chevrolet, Inc. (hereinafter "Barone"), alleging that Carpenter had purchased a GM automobile from Barone, the installment sales contract was a part of the consideration, the auto crashed because of a defect in the steering mechanism and that the repossession and loss was because of the defect and additional defendants' breach of warranty.

GM's preliminary objections question the propriety of its joinder in the action. Carpenter argues that the joinder is permitted under Pennsylvania Rule of Civil Procedure 2252(a) which states, in part, that ". . . the defendant . . . may, as the joining party, join as an additional defendant any person . . . who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions

or occurrences upon which plaintiff's cause of action is based."

Plaintiff's cause of action is based on the conditional sale contract between Barone and Carpenter which, of course, was a part of the automobile purchase transaction. Carpenter's cause of action against Barone and GM, as it appears in Carpenter's complaint, arises out of the same auto purchase transaction. Since Carpenter's complaint alleges a cause and effect relationship between the alleged defect in the automobile and its repossession, we cannot say, at this stage of the proceeding, that the joinder was improper.

Accordingly, we enter the following

ORDER

And now, to wit, June 1, 1972, it is ordered and decreed that the preliminary objections of General Motors Corporation to its joinder as an additional defendant herein be and the same are hereby dismissed. General Motors Corporation may plead over within 20 days hereof.